IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TRIAX, INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**TFORCE FREIGHT, INC.,**<br><br>**Defendant.** | Civil No. 1:22-cv-01693-JRR |

**MEMORANDUM OPINION**

This matter comes before the court on Defendant TForce Freight, Inc.'s Motion to Dismiss for Failure to State a Claim. (ECF No. 5; the "Motion.") The court has reviewed all submissions. No hearing is necessary. Local Rule 105.6 (D. Md. 2021).

**BACKGROUND**[1]

Plaintiff, Triax Inc., is a corporation with its principal place of business in Frederick County, Maryland. (ECF No. 3, ¶ 1.) Defendant, TForce Freight Inc., is a corporation with its principal office in Richmond, Virginia. *Id.* ¶ 2. This action arises from Defendant's alleged breach of duty for failure to deliver a shipment per the terms of the Bill of Lading. *Id.* ¶ 26.

Plaintiff purchased a 375-pound brass separating machine from West Coast Vibratory Feeders in California for $11,000. (ECF No. 3, ¶¶ 6, 10.) The machine was set to be shipped from California on May 5, 2022. *Id.* ¶ 6. On May 4, 2022, Plaintiff hired Defendant, a carrier, through a third-party freight brokering service to handle the shipment. *Id.* ¶ 7. The freight brokering

---

[1] For purposes of adjudicating the Motion, the court accepts as true the well-pled facts set forth in the Verified Complaint at ECF No.3 (the "Complaint").

1

service provided Plaintiff with a Bill of Lading that identified Defendant as the carrier that would handle the shipment.  *Id.* ¶ 8.

On May 11, 2022, Plaintiff was notified that the shipment had arrived at Defendant's facility in Elkridge, Maryland.  (ECF No. 3, ¶ 11.)  Plaintiff alleges that Defendant thereafter provided conflicting information about the status of the shipment, and that, ultimately, the shipment never arrived at Plaintiff's warehouse.  *Id.* ¶¶ 12-13.  Plaintiff has since received no information from Defendant about the whereabouts of the shipment.  *Id.* ¶ 13.  As a result, Plaintiff's business in connection with the intended use of the machine has been impaired, resulting in financial losses.

On June 10, 2022, Plaintiff filed suit against Defendant in the Circuit Court for Frederick County.  On July 8, 2022, Defendant removed the case to this court.  The Complaint sets forth one count of negligence.  (ECF No. 3, p. 4.)  Plaintiff seeks: (i) compensatory damages in the amount of $1,007,254.32; (ii) costs and attorney's fees; and (iii) any other relief the court deems just and proper.  *Id.* pp. 4-5.

## LEGAL STANDARD

**Federal Rule of Civil Procedure 12(b)(6)**

Defendant argues that Plaintiff's Complaint fails to state a claim for negligence on the basis of preemption by the Carmack Amendment to the Interstate Commerce Act.  (ECF No. 5-1, p. 3.)

A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint.  It does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)).  Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the

plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 21-cv-1637, 2021 U.S. Dist. LEXIS 221041, at *4 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

## ANALYSIS

### I. Carmack Amendment

Defendant argues that Plaintiff's negligence claim is preempted by the Carmack Amendment, and therefore should be dismissed for failure to state a claim. (ECF No. 5-1, pp. 4-5.)

"Federal law preempts state and common law when Congress expressly provides that the federal law supplants state authority in a particular field, or when its intent to do so may be inferred from a pervasive system of regulation which does not leave a sufficient vacancy within which any state can act." *Shao v. Link Cardo (Taiwan) Ltd.*, 986 F.2d 700, 704 (4th Cir. 1993). "Preemption

may also be inferred where state legislation would impede the purposes and objectives of legislation enacted by Congress." *Id.*

"The Carmack Amendment was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887." *Id.* It applies to common carriers "providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission . . ." and requires a carrier providing transportation to issue a receipt or bill of lading for property and makes a carrier liable to the person entitled to recover under receipt or bill of lading. 49 U.S.C. § 11707(a)(1); 2 U.S.C. § 14706(a)(1). The Carmack Amendment is a "comprehensive exercise of Congress's power to regulate interstate commerce." *5K Logistics, Inc. v. Daily Express*, Inc., 659 F.3d 331, 335 (4th Cir. 2011). It "creates 'a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading.'" *Id.* (quoting *Shao*, 986 F.2d at 704). Further, the Carmack Amendment "preempts all state or common law claims available to a shipper against a carrier for loss or damage associated with interstate shipments." *Rush Indus. v. MWP Constrs., LLC*, 539 Fed. Appx. 91, 94 (4th Cir. 2013). In *Adams Express Co. v. Croninger*, the Supreme Court described the preemptive scope of the Carmack Amendment:

> Almost every detail of the subject [of the liability of the carrier under a bill of lading] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it . . .
>
> The duty to issue a bill of lading and the liability thereby assumed are covered in full, and though there is no reference to the effect upon state regulation, it is evident that Congress intended to adopt a uniform rule and relieve such contracts from the diverse regulation to which they had been theretofore subject.

226 U.S. 491, 505-506 (1913).

The Court's reasoning in *Adams Express* is consistently relied upon by courts to conclude that the Carmack Amendment preempts common law negligence and contract claims for goods

lost or damaged by a carrier during interstate shipment under a valid bill of lading. *See Shao*, 986 F.2d at 708 (holding that "the Carmack Amendment preempts . . . . common law claims for breach of contract and negligence for goods lost or damaged by a carrier during interstate shipment"); *Brentzel v. Fairfax Transfer & Storage, Inc.*, No. 21-1025, 2021 U.S. App. LEXIS 38522, at *15 (4th Cir. Dec. 29, 2021) (holding that "[t]he Carmack Amendment 'preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments'") (quoting *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 456 (7th Cir. 1996)); *Ward v. Allied Van Lines, Inc.*, 231 F.3d 135, 138 (4th Cir. 2000) (holding that "[t]he Carmack Amendment preempts a shipper's state and common law claims against a carrier for loss or damage to goods during shipment."); *Pyramid Transp., Inc. v. Overdrive Specialized, Inc.*, No. WMN-12-1860, 2012 U.S. Dist. LEXIS 118833, at *3-4 (D. Md. Aug. 22, 2012) (holding that "[s]tate and common law claims preempted by Carmack include those of breach of contract and negligence for goods lost or damaged by a carrier during interstate shipment."); *Dominion Res. Servs. v. 5k Logistics, Inc.*, No. 9-CV-315, 2010 U.S. Dist. LEXIS 68162, at *10 (E.D. Va. July 8, 2010) (holding that "the Carmack Amendment does preempt state law claims against a carrier by a shipper"); *Bowman v. Paul Arpin Van Lines, Inc.*, No. 05-CV-00062, 2005 U.S. Dist. LEXIS 38437, at *10 (W.D. Va. Dec. 30, 2005) (holding that "[t]he Camrack[sic] Amendment, 49 U.S.C. § 14706, preempts . . . claims for fraudulent misrepresentation and negligence and gross negligence.").

Count I is a negligence claim against Defendant, a carrier, for the loss of the bass sorting machine. (ECF No. 3, p. 4.) The negligence claim rests on the alleged breach of duty arising from Defendant's failure to deliver the shipment per the terms of the Bill of Lading. *Id.* ¶ 26. Plaintiff alleges that Defendant was hired through a third-party freight brokering service and the freight

brokering service provided a Bill of Lading that identified Defendant as the freight company handling the shipment. *Id.* ¶¶ 7, 8. As discussed above, the Carmack Amendment was intended to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost and it specifically preempts common law claims of negligence. *See Shao*, *supra*. Plaintiff's negligence claim against Defendant for such loss directly conflicts with this policy. *Id*. Accordingly, Count I is preempted by the Carmack Amendment and the Motion will be granted.

## II.     Leave to Amend

In its response, Plaintiff requests leave to amend the Complaint. (ECF No. 8, p. 5.) Defendant does not appear to oppose an amendment (despite seeking dismissal of the Complaint with prejudice); in its Reply, Defendant asserts that, if the Complaint is dismissed, it is up to Plaintiff whether to bring a cause of action pursuant to the Carmack Amendment. (ECF No. 11, p. 3.)

Under Federal Rule of Civil Procedure 15(a) "[a] party may amend its complaint once as a matter of course." FED. R. CIV. P. 15(a). Once the defendant files a responsive pleading, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs that "[t]he court should freely give leave when justice so requires." *Id.*

"[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Id.* at 427. "A common example of a prejudicial amendment is one that 'raises a new legal theory that would

require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" *Id.* (quoting *Johnson*, 785 F.2d at 509). The further a case progresses "before judgment [is] entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Id.* (citing *Adams v. Gould*, 739 F.2d 858, 864 (3d. Cir. 1984)). In contrast, an amendment is not prejudicial when "it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980)).

In view of these principles, Plaintiff may file an amended complaint no later than twenty days from entry of this opinion and accompanying order.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 5) is granted, however the dismissal will be without prejudice. Plaintiff may file an amended complaint no later than twenty days from entry of this opinion and accompanying order. Should Plaintiff fail to do so, the court will close this case without further notice.

A separate order follows.


February 11, 2023                                   /S/
                                          _____
                                          Julie R. Rubin
                                          United States District Judge